UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RENEE J TRAHAN** | **CASE NO. 2:21-CV-02320** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INTEGON NATIONAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Plaintiff's Complaint Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(B)(6)" (Doc. 7) wherein Defendant Integon National Insurance Company ("Integon") moves to dismiss the instant lawsuit for failure to state a claim upon which relief can be granted. Also before the Court is a Motion for Oral Argument filed by Plaintiff, Renee J. Trahan. (Doc. 12).

## BACKGROUND

This lawsuit arises from damages to Plaintiff's home as a result of Hurricanes Laura and Delta. Integon issued a force-placed lender policy during the relevant time period. Plaintiff alleges that Integon has failed to properly evaluate the extent of her damages and refused to pay the full benefits owed under the policy. Plaintiff seeks penalties and attorneys fees pursuant to Louisiana Revised Statutes § 22:1892 and 1973.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Integon maintains that because Plaintiff is not listed as a named insured or additional insured in the policy, and that based on language in the policy, it would never provide coverage in excess of the lender's insurable interest. Consequently, Plaintiff is not a third-party beneficiary and has no standing to bring this lawsuit. The Integon policy provides the following relevant provisions:

The following conditions apply to this RESIDENTIAL PROPERTY FORM:

. . .

13. Loss Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER, may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to

receive such payments, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

. . .

AUTOMATICE COVERAGE ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

. . . . WE agree to extend coverage under the RESIDENTIAL PROPERTY HAZARD INSURANCE FORM, MANUFACTURED HOME HAZARD INSURANCE FORM or COMMERCIAL PROPERTY HAZARD INSURANCE FORM only if the following exists at the time of LOSS.

1. The RESIDENTIAL PROPERTY, MANURACTURED HOME or COMMERCIAL PROPERTY is uninsured at the time of the LOSS. . . .

OUR liability will be limited to the UNPAID PRINCIPAL BALANCE, which means, at the time of the LOSS, the BORROWER'S unpaid balance, less unearned interest and finance charges, less unearned insurance premiums, less collection and foreclosure expenses, and less late charges and penalties added to the BORROWER'S unpaid balance after the inception date of this Policy.[1]

Integon argues that the policy clearly does not provide coverage in excess of the lender's insurable interest because the insurer's liability is limited to the unpaid principal balance of the loan. Moreover, there would never be a residual amount for the loss payable due to the borrower.

Plaintiff asserts that Integon's interpretation of the policy that requires that it pay only the unpaid principal balance is against public policy. Plaintiff argues that the "Loss Payment" and the "Automatic Coverage Endorsement" directly contradict one another creating an ambiguity in the policy which should be interpreted in her favor.[2] Plaintiff also

---

[1] Defendant's exhibit B, at p. 42.
[2] La. C.C. Art. 2056.

argues that a contract that rids itself of any statutory penalties or consequences for dealing in bad faith would leave both the lender and the borrower, completely defenseless against a defendant for failing to adjust the claim adequately and timely. Alternatively, Plaintiff requests that the Court allow her to amend her complaint. See *Gary v American Security Ins. Co.,* 2021 WL 2143061, at *5 (W.D. La. May 26, 2021).

The Court finds that the Integon policy clearly changes the Loss of Payment provision and limits Integon's liability to the unpaid principal balance. The Court does not find this to be against public policy. This contract of insurance to which Plaintiff was not a party, nor is a third-party beneficiary, does not run afoul of the penalty statutes in Louisiana Revised Statutes 22:1973 and 1892, as the insured lender is still subject to the consequences of violating these statutes, had the lender chosen to file suit or pursue that remedy against Integon.

The Court further finds that an amendment in this matter would be futile as the policy clearly limits the insurer's liability to the unpaid principal balance.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted and the Motion for Oral argument will be denied.

**THUS DONE AND SIGNED** in Chambers this 15th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**